FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:  (909) 974-2121

Attorneys for Plaintiff
RADHIKA TRIPURANENI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADHIKA TRIPURANENI,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the California Life Sciences Association Benefits Advantage Trust Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by California Life Sciences Association Benefits Advantage Trust ("CLSA"), to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, RADHIKA TRIPURANENI ("Plaintiff" and/or Ms. TRIPURANENI"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident of San Mateo County, citizen of the state of California, an employee of CLSA, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-752054 (the "Policy") that had been issued by Defendant LINA to CLSA to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability

benefits for a specified period of time should she become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: 90 days
- Gross Disability Benefit: The lesser of 60% of your monthly Covered Earnings rounded to the nearest dollar or your Maximum Disability Benefit.
- Maximum Disability Benefit: $20,000 per month.
- Definition of Disability/Disabled:
    - You are considered Disabled if, solely because of Injury or Sickness, you are:
        - 1. Unable to perform the material duties of your Regular Occupation; and
        - 2. Unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.
    - After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:
        - 1. unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
        - 2. Unable to earn 80% or more of your Indexed Earnings.

10. Prior to her disability under the terms of the Plan, Plaintiff, who had been employed with CLSA, was working as a Chief Development Officer.

11. On or about December 6, 2019, Plaintiff became disabled as defined by the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. However, on or about May 20, 2020, LINA unreasonably and unlawfully denied her long term disability claim. And, on or about April 20, 2021, LINA unreasonably and unlawfully upheld its denial of the disability claim.

13. According to LINA's denial letters:

- **May 20, 2020:** "After completing our review of your claim, we are unable to approve your claim for benefits. ...You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **April 20, 2021:** "After completing our review of your claim, we must uphold our prior decision to deny your claim. ...At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered. ...Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

14. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's regular, or any, occupation; and misrepresented the terms of the Policy.

15. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability and entitled her to benefits under the Plan.

16. To date, even though Plaintiff had been disabled, LINA has not paid Plaintiff any disability benefits under the Policy. The unlawful nature of LINA's decision to deny the claim is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and

- LINA ignored the obvious, combed the record, and took selective evidence out of context as a pretext to deny Plaintiff's claim; and

- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

17. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

18. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits owed under the Plan.

32. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such

fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

33. A controversy now exists between the parties as to whether Plaintiff was disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she met the Plan's definition of disability and consequently was entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of her claim. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about March 5, 2020, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to disability payments/benefits so long as she remained disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: November 3, 2021

DarrasLaw

FRANK N. DARRAS
PHILLIP S. BATHER
Attorneys for Plaintiff
RADHIKA TRIPURANENI

- 6 -
COMPLAINT